Michael F. Ram (SBN 104805)
**RAM & OLSON**
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311
Email:  mram@ramolson.com

Oren S. Giskan
**GISKAN SOLOTAROFF**
**ANDERSON & STEWART, LLP**
11 Broadway, Suite 2150
New York, NY 10004
Telephone: (212) 847-8315
Facsimile: (646) 520-3237
Email:  ogiskan@gslawny.com

Marc H. Edelson
**EDELSON & ASSOCIATES, LLC**
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
Email:  medelson@edelson-law.com

*Attorneys for Plaintiff and the Class*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE DIVISION)

| | |
|---|---|
| **MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL**, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>**HEWLETT-PACKARD COMPANY**, a Delaware corporation,<br><br>        Defendant. | CASE NO.  C 09-05341 JF<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

*/ / /*

## I.       INTRODUCTION

1.       Plaintiffs, Michael A. Kent, Boyd B. Daugherty, Daniel Johanning, and Jakub Cmiral, ("Plaintiffs"), individually and on behalf of the Class defined below, bring this action for damages, restitution and injunctive relief against defendant, Hewlett-Packard Company ("HP" or "Defendant"), on behalf of consumers who purchased Hewlett-Packard Pavilion Elite series computers, including the Pavilion Elite e9150t, e9180f, e9180t, m9600t and m9650f, alleging violations of California's Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA"); the Unfair Competition Law, California Business & Professions Code § 17200 *et seq.* ("UCL"), (Unfair Business Practices, Unlawful Business Practices, Fraudulent Conduct); Breach of Express Warranty and Breach of Implied Warranty.  Plaintiffs demand a jury trial on all issues so triable, and allege the following in support:

2.       The HP Pavilion Elite series computers at issue here include the Pavilion Elite e9150t, e9180f, e9180t, m9600t and m9650f equipped with Pegatron "Truckee" motherboards and Intel i7 series CPUs.  These computers are inherently defective and are prone to frequent failures, the symptoms of which include the system becoming unresponsive or locking-up within thirty minutes turning it on ("cold boot").  The lock-up symptoms are frequently accompanied by messages on the computer's display to the effect that "there is an uncorrectable hardware error" and there is "a timing issue on a secondary processor."

3.       Defendant Hewlett-Packard Company ("HP"), one of the world's leading computer companies, designs, manufactures, markets, advertises, promotes, distributes and knowingly continues to sell, its HP Pavilion Elite series computers with the defective motherboards.

4.       As alleged more fully herein, Defendant HP made material misrepresentations and/or concealed material information in the marketing, advertising, and sale of a consumer product, the HP Pavilion Elite series computers.

5.       HP "guaranteed" Plaintiffs and members of the class that its computers were "reliable; free from defects," and of merchantable quality and workmanship.

1   HP guarantees that the HP Hardware Products that you have
2   purchased from HP are free from defects in materials or
    workmanship under normal use during the Limited Warranty
3   Period. *See*
    *http://welcome.hp.com/country/us/en/privacy/limited_warranty.*html
4   .l

5   6.      Plaintiffs' experiences, along with those of numerous other purchasers who have

6   recounted their problems with the HP Elite series computers, reveal that the computers are not

7   "free from defects."

8   7.      Defendant concealed material facts regarding its HP Pavilion Elite series

9   computers, including that the motherboard is defective, prone to frequent, repeated failures, and

10  thus is inherently defective, is not of merchantable quality, and is substantially certain to

11  malfunction and fail during the warranty period.

12  8.      Though faced with numerous consumer complaints, HP has failed and refused to

13  warn consumers about the defects inherent in its HP Pavilion Elite series computers and has

14  failed to provide an adequate repair.

15  **II.      JURISDICTION AND VENUE**

16  9.      This Court has jurisdiction over this civil action pursuant to the Class Action

17  Fairness Act, and particularly, 28 U.S.C. § 1332(d)(2), as the matter in controversy in this action

18  exceeds $5,000,000.00 and is a class action in which some members of the class of plaintiffs are

19  citizens of a state that is different from the principal place of business of Defendant.

20  10.     Venue is proper in this District, and in particular the San Jose Division, under 15

21  U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391(b) and (c), because HP maintains its headquarters,

22  transacts business, maintains offices, or is otherwise found within this District; and the

23  Defendant's unlawful acts giving rise to Plaintiffs' claims occurred, and a substantial portion of

24  the affected trade and commerce described below has been carried out in this District.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.     THE PARTIES

**Plaintiffs**

11.     Plaintiff Michael A. Kent is an adult individual residing in Arvada Colorado.  He purchased his HP Elite e9150t computer for personal, family or household use on July 22, 2009 directly from Defendant.  Prior to purchasing his computer, he visited Defendant HP's online store, "HP Home & Home Office," in order to compare features and prices on the various computers offered for sale.  In selecting the HP Pavilion Elite series computers, Plaintiff Kent relied on HP's representations that the HP Pavilion Elite was reliable, was free from defects, and was of merchantable quality and workmanship.  He selected the e9150t based on cost, quality, performance and durability factors.  Additionally, Plaintiff Kent purchased a four-year extended warranty from HP.  The e9150t he received incorporates the Pegatron Truckee motherboard, version 1.04, and Intel i7 CPU, version 920.  After operating the e9150t for approximately two weeks, Plaintiff's computer began experiencing repeated disruptive failures including lock-ups, freezes,[1] and blue screens errors,[2] requiring him to reboot the computer.  Since that time, Plaintiff experiences the aforementioned errors on an almost daily basis.  These errors occur most frequently within ten to twenty minutes after a "cold boot."  The errors Plaintiff reports are typical of those being reported on the HP Forum detailed below.  Based on numerous posts on the Internet, Plaintiff reasonably believed that HP does not have a fix to satisfactorily repair his computer.  He went on an HP Internet forum and saw that similarly situated consumers were experiencing the same problems as he was before and after HP repairs, the HP BIOS fixes did not work, and replacing the motherboard was not working.  He has installed the HP BIOS fixes discussed on the forum and they have not solved the problem.

---

[1]  During the "freeze" state, Plaintiff reports that the keyboard and mouse are unresponsive, the last screen remains displayed on the computer's monitor but does not update, and the system clock remains frozen at the time to error occurred.

[2]  Blue screens are also known as "blue screens of death" or "BSOD" which indicate a system failure requiring the computer to shut down, and may display an error code such as "hardware error."

1      12.     Plaintiff Boyd B. Daugherty is an adult individual residing in Kingston Springs,

2  Tennessee.  He purchased his e9150t for personal, family or household use on July 6, 2009 from

3  HP.  Plaintiff wanted to purchase a high performance computer and was specifically interested in

4  purchasing a computer utilizing the Intel I7 processor.  Plaintiff selected the e9150t because HP

5  represented it as the best performing computer available from HP.  The e9150t system he

6  purchased cost approximately $1,378.99 and incorporates the Pegatron Truckee motherboard,

7  and Intel i7 CPU, version 920, that are among the Pavilion Elite series computers included in this

8  complaint.  Prior to purchase he reviewed the e9150t's specifications and product reviews placed

9  on both HP's website.  Plaintiff Daugherty decided to purchase the e9150t based on HP's

10  representations that the e9150t was reliable and of merchantable quality and workmanship.

11  Plaintiff specifically relied on HP's representations that he was purchasing a computer that was

12  free from defects and expected that he could immediately start using said computer without

13  experiencing the defects described below.  Within ten minutes of its first use, Plaintiff

14  Daugherty' e9150t computer displayed the same defects that Plaintiff Kent describes above,

15  consisting of the unexpected locking-up and freezing requiring Plaintiff Daugherty to reboot this

16  computer.  Plaintiff Daugherty immediately contacted HP's customer service department and

17  reported that his e9150t was malfunctioning.  HP provided Plaintiff Daugherty with a new Vista

18  operating system and software package for installation on the e9150t.  After Plaintiff Daugherty

19  installed the new software, his e9150t continued to malfunction.  Plaintiff Daugherty again

20  contacted HP's customer service and requested that HP replace his e9150t with another

21  computer.  This request was made within twenty-one days of Plaintiff Daugherty's purchase.  HP

22  denied Plaintiff's request and, instead, demanded that Plaintiff install the Windows 7 operating

23  system.  His e9150t continued to malfunction after Windows 7 was installed.  Plaintiff again

24  requested that HP replace his e9150t with one that would not malfunction.  HP again refused

25  Plaintiff's request.  Plaintiff Daugherty reports that his e9150t continues to display the same

26  defects consisting of freezes, lock-ups and blue screen errors as it has since his initial purchase.

27  Plaintiff Daugherty estimates that he has contacted HP's customer service approximately fifty

28

1   times regarding his defective e9150t.  He has been unable to obtain a usable unit free from the

2   defects described herein despite his repeated attempts to obtain warranty service from HP.  Had

3   Plaintiff been aware prior to purchase that the e9150t computer he owns suffered from the defects

4   described herein and were prone to frequent lock-ups, freezes and blue screen errors, he would

5   not have purchased any of the HP Pavilion Elite series computers.

6           13.     Plaintiff Daniel Johanning resides in Parkland, Florida.  Mr. Johanning purchased

7   an HP Elite m9600t from HP in or around June 2009 for approximately $1,369.51.   Mr.

8   Johanning purchased the HP Elite m9600t based, in large part, on HP's representations that it was

9   reliable, of merchantable quality and workmanship and free from defects. Mr. Johanning has used

10  his HP Elite m9600t for its intended purpose and in a manner consistent with its intended use.

11  Mr. Johanning's HP Elite m9600t exhibited failure almost immediately upon initial use and

12  routinely locked up and froze each morning on a cold boot.  Mr. Johanning contacted HP support

13  in July and asked for help to resolve these issues.  HP technical support had Mr. Johanning run

14  diagnostics. Afterwards, HP technical support told Mr. Johanning that his HP wireless keyboard

15  and mouse were the problem and shipped him a new set.  The problems with Mr. Johanning's HP

16  Elite m9600t, however, did not go away with the new keyboard and mouse, and the routine

17  freezing and lock ups continued.  In August, Mr. Johanning contacted HP technical support,

18  which had Mr. Johanning run numerous hardware tests. All of the tests checked out "okay."  HP

19  technical support then suggested doing a complete system restore, which Plaintiff did that same

20  night.  The next morning on a cold boot, Mr. Johanning's m9600t experienced the same lock up

21  problem after approximately 15 minutes of use.  Mr. Johanning contacted HP support again

22  asking for a solution.  HP technical support had Mr. Johanning run the same hardware tests over

23  again.  The tests again checked out "okay."  Mr. Johanning asked HP technical support if she had

24  heard of others experiencing the same problems.  HP technical support said "no," even though

25  Mr. Johanning could hear another HP technical support person speaking with someone

26  experiencing the exact same problems.  Mr. Johanning asked to have his case escalated, but HP

27  technical support refused.  Although Mr. Johanning has spent approximately three to four hours

28

1  on the telephone with HP technical support, and has spent numerous additional hours running

2  diagnostics, installing a new keyboard and mouse from HP and performing a complete system

3  restore on his HP Elite m9600t as per HP's directives, HP has not been able to fix Mr.

4  Johanning's HP Elite m9600t.  Nor has HP provided Plaintiff Johanning with a refund for his

5  purchase of the HP Elite m9600t or comparable and defect-free replacement computer.  Had Mr.

6  Johanning been aware prior to purchase that the HP Elite m9600t suffered from the defects

7  described herein, he would not have purchased it.

8       14.     Plaintiff Jakub Cmiral resides in Anaheim, California.  Mr. Cmiral purchased an

9  HP Elite e9180f in or around September 3, 2009, for approximately $1,199.   Mr. Cmiral

10  purchased the HP Elite e9180f based, in large part, on HP's representations that it was reliable, of

11  merchantable quality and workmanship and free from defects.  Mr. Cmiral has used his HP Elite

12  e9180f for its intended purpose and in a manner consistent with its intended use.  Mr. Cmiral's

13  HP Elite e980f experienced a "blue screen of death" failure on the first day of use and since that

14  time has experienced freezing, lock- ups, and "blue screens of death" routinely.  Approximately

15  three days after his purchase of the HP Elite e1980f, Mr. Cmiral called HP customer service to

16  get help for these problems.  The first call took about 75 minutes, and Mr. Cmiral and HP

17  customer support checked the hardware for errors and then restored the operating system

18  completely.  The HP representative advised Mr. Cmiral to observe the computer's performance.

19  Because the same problems persisted, Mr. Cmiral contacted HP several times.  Each call lasted

20  from approximately 20 to 60 minutes. On the second call, the HP representative kept putting Mr.

21  Cmiral on hold to get advice from an associate. After placing Mr. Cmiral on hold about ten times,

22  HP customer support had Mr. Cmiral run the hardware diagnostic and told him to call back if

23  problems persisted.   The problems with Mr. Cmiral's HP Elite e9180f persisted.  The third time

24  Mr. Cmiral called HP customer support, he asked whether HP had found any solution for these

25  problems with the HP Elite e9180f.  The HP representative told Mr. Cmiral to update the BIOS.

26  Mr. Cmiral explained to the HP customer support representative that updating the BIOS does not

27  solve the problems and that numerous consumers who had posted on the HP message board

28

1    informed HP that they had tried this measure without success.  <u>Mr. Cmiral asked if he could send</u>

2    <u>his HP Elite e9180f to HP for repair, but HP denied his request.</u>  Mr. Cmiral was told by the HP

3    representative that his "hands were tied" unless Mr. Cmiral updated the BIOS, which HP knew or

4    reasonably should have known does not remedy the failures in the e9000 Series.  On Mr.

5    Cmiral's fourth call with HP, HP customer support asked Mr. Cmiral whether he had made any

6    progress towards fixing his computer, but the same problems remained.  Mr. Cmiral's problems

7    with the HP Elite e980f have not been remedied by HP.  Nor has HP provided Plaintiff Cmiral

8    with a refund for his purchase of the e9180f  or comparable and defect-free replacement

9    computer.  Had Mr. Cmiral been aware prior to purchase that the HP Elite e9180f suffered from

10    the defects described herein, he would not have purchased it.

11    **<u>Defendant</u>**

12        15.     Defendant Hewlett-Packard Company ("HP") is a publicly traded corporation with

13    worldwide corporate headquarters in Palo Alto, California.

14    **IV.    CLASS ACTION ALLEGATIONS**

15

16        16.     Plaintiffs bring this action on behalf of themselves, and pursuant to Federal Rules

17    of Civil Procedure 23(a) and (b)(3), on behalf of the following Class, and Consumer and

18    Warranty Subclasses ("class or classes"):

19         **Class**
20         All persons and entities who, since March 20, 2009, purchased HP
           Pavilion Elite series computers models e9150t, e9180f, e9180t,
21         m9600t, and m9650f and within their Limited Warranty period had
           "lockup" failures that HP did not adequately repair. "Lockup"
22         failures include the system becoming unresponsive or locking-up
           within thirty minutes of a cold boot, freezing, or blue screen errors.
23         Excluded from the Class are (1) employees of the defendant,
           including its officers or directors; and (2) defendant's affiliates,
           subsidiaries, or co-conspirators.

24         **Consumer Subclass**
25         All Class members who purchased for personal, family or
           household purposes, HP Pavilion Elite series computers models
26         e9150t, e9180f, e9180t, m9600t, and m9650f.

27         **Warranty Subclass**
           All Class members whose HP Pavilion Elite series computers
28         models e9150t, e9180f, m9600t, and m9650f, experienced failures
           within a year of purchase and all Class members whose HP

Pavilion Elite series computer model e9180t, experienced failures within two years of purchase.

17.     Plaintiffs do not know the exact number of Class members because such information is in the exclusive control of the Defendant.  However, Class members are sufficiently numerous and geographically dispersed throughout the United States, so that joinder of all Class members is impracticable.  The information as to the identity of the Class members can be readily determined from records maintained by the Defendant and its agents and by publication notice.  Fed.R.Civ.P. 23(a)(3).

18.     Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other Class members and, by asserting their claims, Plaintiffs will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of HP and the relief sought is common to the Class.  Fed.R.Civ.P. 23(a)(3).

19.     The common legal and factual questions which do not vary from Class member to Class member and which may be determined without reference to individual circumstances of any Class member include, but are not limited to, the following:

a.     Whether the HP Pavilion Elite series computers, e9150t, e9180f, e9180t, m9600t, and m9650f, suffer from a common defect that causes the motherboard to fail during the warranty period and/or its reasonable expected life;

b.     Whether Defendant HP has undertaken a common business practice of producing and selling to the public HP Pavilion Elite series computers with defective motherboards;

c.     Whether Defendant HP engaged in unfair, unlawful and/or fraudulent business practices;

d.     Whether Defendant HP's use of advertising, point-of-sale, and other representations constitutes unfair competition and unfair, deceptive, untrue or misleading advertising;

e.     Whether Defendant HP's representations concerning its Pavilion Elite series computers are material to a reasonable consumer;

1       f.      Whether Defendant HP failed to disclose material facts about the HP

2  Pavilion Elite series computers;

3       g.      Whether Defendant HP breached its express and implied warranties with

4  Plaintiffs and the Class; and

5       h.      Whether Class members are entitled to monetary recovery including

6  punitive damages, restitution, and injunctive relief, and the proper measure, nature and extent of

7  such relief.

8       20.      These common questions and others predominate over questions, if any, that

9  affect only individual members of the Class.  Fed.R.Civ.P. 23(a)(3).

10       21.      Plaintiffs and their counsel will fairly and adequately represent the interests of the

11  Classes in that Plaintiffs are typical purchasers of HP Pavilion Elite series computers.  There is

12  no material conflict with any other member of the Classes that would make class certification

13  inappropriate.  Plaintiffs have retained attorneys experienced in the prosecution of class actions,

14  including complex cases and consumer actions, and Plaintiffs intend to prosecute this action

15  vigorously.  Fed.R.Civ.P. 23(a)(3).

16       22.      A class action is superior to other available methods for the fair and efficient

17  adjudication of this controversy because individual litigation of the claims of all Class members

18  is impracticable.  Even if every Class member could afford individual litigation, the court system

19  could not.  It would be unduly burdensome on the courts if individual litigation of numerous

20  cases would proceed.  By contrast, the conduct of this action as a class action, with respect to

21  some or all of the issues presented in this Complaint, presents fewer management difficulties,

22  conserves the resources of the parties and of the court system, and protects the rights of each

23  Class member.  Fed.R.Civ.P. 23(a)(3).

24       23.      Prosecution of separate actions by individual Class members would create the risk

25  of inconsistent or varying adjudications, establishing incompatible standards of conduct for the

26  Defendant and would magnify the delay and expense to all parties and to the court system

27  resulting from multiple trials of the same complex factual issues.  Fed.R.Civ.P. 23(a)(3).

28

24.     Injunctive relief is appropriate as to the Class as a whole because Defendant has acted or refused to act on grounds generally applicable to the Class.  Fed.R.Civ.P. 23(a)(3).

25.     Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## V.     FACTUAL ALLEGATIONS

26.     At all times relevant and material hereto, Defendant HP designed, manufactured, tested, labeled, packaged, distributed, supplied, marketed, advertised, sold, and otherwise distributed to interstate commerce, the HP Pavilion Elite series computers, like the HP e9150t, e9180f, e9180t, m9600t, and m9650f, at issue in this complaint.

27.     HP "guaranteed" Plaintiffs and members of the class that its computers were reliable; free from defects, and of merchantable quality and workmanship.

> HP guarantees that the HP Hardware Products that you have purchased from HP are free from defects in materials or workmanship under normal use during the Limited Warranty Period.

*See http://welcome.hp.com/country/us/en/privacy/limited_warranty*.htm.l

28.     Contrary to HP's aforementioned representations and guarantees, HP has failed to deliver to Plaintiffs and Class members an HP Pavilion Elite series computer that was reliable and was free from defects in materials and workmanship.  Rather, HP has delivered to Plaintiffs and the Class HP Elite series computers that incorporate defective components, namely the motherboard, that cause the HP Elite series computers to freeze, lock-up, or display blue screen errors at rates far worse than consumers reasonably expect and which make the computers unusable.

29.     The motherboard is the primary printed circuit board in a personal computer.  All of the basic circuitry and components required for a personal computer to function are either contained on or attached to the motherboard.  A defective motherboard incapacitates the personal computer and renders it useless.

30.     A reasonable consumer expects that a computer's motherboard will last for at least five years, and does not expect that it will contain defects that will cause the motherboard to fail before that expected lifetime.

31.     The HP Pavilion Elite series computers suffer from a common defect that causes a substantial number of the computers' motherboards to fail within the Limited Warranty Period, including during the first year of use, rendering the computers unusable.

32.     HP failed to adequately manufacture and/or test the Pavilion Elite series computers' motherboards to ensure that they were free from defects.  Before the Pavilion Elite series computers even reached the market, HP knew, should have known, or was reckless in not knowing, that its motherboards (a) failed at unacceptably high rates due; (b) contained inherent defects that are substantially certain to manifest by malfunctioning and/or failing during the Limited Warranty Period and before the end of the useful life of the product; and (c) were not of merchantable quality.

33.     In spite of its knowledge, HP marketed its Pavilion Elite series computers as reliable and defect free. HP's statements were material to Plaintiffs and Plaintiffs relied on those statements in deciding to purchase their computers.

34.     At all times relevant and material hereto, Defendant HP had exclusive knowledge of material facts concerning the nature and existence of the defective motherboards in the Pavilion Elite series computers.  HP failed to disclose its knowledge of the defects, and/or concealed such knowledge by making partial and/or misleading representations of material facts that were not known to Plaintiffs and all others similarly situated.

35.     The facts that the Pavilion Elite series computers at issue in this complaint suffer from common defects and that HP's repair attempts are not effective, leaving Plaintiffs and class members without recourse are demonstrated by the 268 pages of consumers' complaints (as of November 10, 2009).  *See*

http://h30434.www3.hp.com/psg/board/message?board.id=lockups&thread.id=895&view=by_date_ascending&page=268.

36.     Nor is the issue limited to HP Pavilion Elite series computers running Microsoft Windows Vista.  The customer complaints identify manifestations of the defect that occur on HP Pavilion Elite series computers running Microsoft Windows XP and XP Professional, Windows 7 and Linux.

37.     Examples of class members problems as reflected in the customer complaints are as follows:

      a.     Cee-Cee, 07-17-2009
          I received my new e9150t directly from HP on July 10 (9 days ago) and since then it has locked up about 10 times.  I could be doing anything, looking at files on Windows Explorer, on the web with Internet Explorer, even shutting down the system.  Sometimes I have gotten the blue screen, other times the arrow just freezes and it does not respond. The only solution has been to turn it off.  When I get an error message, I have gotten errors like DRIVER_POWER_STATE_FAILURE (twice), HARDWARE MANFUNCTION, NMI: PARITY CHECK/MEMORY PARITY ERROR.  Each at different times it has failed.
I have twin Seagate ST3500620AS Barracuda Drives on RAID1 (mirroring), so every time it fails, after I boot-up and log-in it automatically runs the Intel Matrix Storage Console to verify that my twin drives are in sync.  This takes over 1 hour.  They have always turned out to be fine.  I have 12GB memory (all six slots are full) on a PEGATRON IPMTB-K (HP: UL83) motherboard.  I have American Megatrends BIOS 5.13 and according to the HP website, there is no BIOS update available for mine.  The disk controller is a Intel ICHR8/ICH9R/ICH10R/DO SATA RAID Controller.
HP Support has had me use PC Doctor (that came with the computer) do a Memory Test, Drive Test and a System Test and a System Stress Test.  It always passes.
          Anybody out there with same or similar problem?  Any ideas?  Thank you.
*Id. at* 1, (message 1).

      b.     new_e9150t, 07-24-2009
          I bought a E9150t with 8Gb , 1Tb HDD , 1Gb ATI HD4650 card and TV tuner card around the same time as you.  I had been having lockups and freezes since the days I received my PC.  I spent 10 days updating all the drivers and reading forums to find a solution but nothing helped.  Finally I called HP support and they were just blindly trying to make me do some regular stuff which they always do.  After an hour of that exercise I told the tech that I want this escalated but he suggested that he will arrange to bench test the system for which I have to send it to them.  I asked him to escalate since this is a brand new PC and I don't want to do any testing on this hardware.  Instead I asked them to replace me with a new system which doesn't have this problem.  He had a manager walk me through the steps for the new PC.  I am waiting for the new equipment and hoping that the new one doesn't have that problem.  I will keep you guys posted on the progress.
*Id. at* 1, (message 2).

1

        c.     MMaziarz97, 07-25-2009

2
             OK, this is too funny.... well, not really, but...
I was just in the middle of responding to this thread, saying that I just
received this computer on July 16th, and have already had 4 freeze issues,

3
and guess what?  It froze in the middle of typing the message !!!
So, now it's 5.  I don't know what caused it this time, although I tried

4
loading a CD into the computer INSTEAD of doing the usual hard shut
down and that caused the computer to reboot itself, without me having to

5
do the hard shut down.  No error messages appeared, other than the usual
"Windows did not shut down properly" message.

6
So, if anyone finds out, for sure, what is causing this problem, please post
it.  I'm not liking the fact that my brand new computer is giving me more

7
troubles than the 9 year old computer I just got rid of.

*Id. at* 1, (message 6).

8

9
        d.     Andyskrz, 07-09-2009
             Hi Cee-Cee,

10
Sorry for the slow reply - I was rebuilding the machine (for the third time)
after they sent it back to me from repair (they replaced the HD and it did
not help).

11
My motherboard n the m9600t is Pegatron Corporation Truckee (with the
same BIOS as yours), Intel X58 chipset.  I opened the computer and it is

12
Pegatron IPMTB-TK v. 1.03 .
I agree with you all that it seems to be a motherboard problem, which

13
explains why these different machines have the same problem.

*Id. at* 4, (message 33).

14

15
        e.     Eots, 08-01-2009
I have an e9180f that also locks up after the initial startup after being off
all night.  It work fine the rest of the day after a hard reset, so I also doubt

16
this is a heat issue or it would happen more frequently rather than the first
startup.

17
*Id. at* 4, (message 40).

18
        f.     LonghornBoy, 08-01-2009

19
             Had an e9150t delivered on 7/9 and opened a support ticket on
7/29 due to daily system freezes.  After spending over 7 hours on the

20
phone with them running various diagnostics, they agreed to do a CSO.  I
currently have v1.03 of the motherboard as well.

21
Question: For those who have received new motherboards, was your data
intact or had it been wiped?  Considering that I'll be without the computer

22
for a couple of weeks and was warned that the data may be erased, I'm
considering a refund.
-LB

23
*Id. at* 5, (message 41).

24
        g.     Eots, 08-01-2009

25
             Windows 7 isn't going to resolve the system freezes, this is not a
Vista problem it's hardware.  Operating system errors will be recorded in

26
the event logs, however these freezes don't produce any errors.  I was also
considering a Dell XPS but after hearing you had the same problem with it

27
I won't bother.  HP seems to have resolved the issue by replacing the 1.03
motherboard with a 1.04.  What motherboard revision is yours?  The

28
diagnostics program will show what version you have in the motherboard
info.

I also sent an email to Intel to find out if what XStan was told about the X58 chipset was true or not.  I'm sure it's not but I'd like to see what Intel has to say about the issue and what HP is telling customers is the cause.  *Id.* at 12, (message 119).

        h.     beb2009, 08-11-2009

I received my e9150t one week ago.  It shipped with the v1.04 MOBO and two days out of the box, I started having issues with it freezing and locking up.  Last night after my Norton anti-virus software became inoperable, I did a restore to the factory defaults and set up my internet connection.  This morning my husband started the machine and with nothing running other than IE, the mouse froze.  I did all kinds of research before purchasing the machine and chose HP over Dell because Dell customer reviews were so negative.  I wish I had read this forum before ordering this one.  I'm not looking forward to calling technical support and having to just through all of their hoops.  *Id.* at 14, (message 132).

        i.     Xstan, 08-04-2009

Jokke - Good luck with the NVidia driver.  But I had the same problems with the e9600t and an NVidia card with the latest drivers, and now I'm having the exact same problems with the e9150t with an ATI card, so I think they're just guessing.  *Id.* at 14, (message 135).

        j.     phyridean, 08-08-2009

Those of us with the 5.13 bios on a 1.04 motherboard are still crashing.  Here's hoping they release a downloadable bios update soon.  *Id.* at 17, (message 163).

        k.     eots

I've had mine replaced twice now and all 3 of them had the same freezing problem, several other posters on this forum have had the same experience.  That's an extremely poor success rate.  *Id.* at 57, (message 561).

        l.     Robjrno, 09-14-2009

Add me to the list of freezers (no BSODs yet...)
HP e9180f Elite
MB v.1.04
BIOS v.5.18
NVIDIA GeForce GTS250
Windows Vista x64
Consistently freezes trying to play music, but also, to a lesser degree, when browsing. No freezes on wakeup since I disabled sleep mode
Too much money for an out of the box problem.  *Id.* at 64, (message 637).

        m.     Bbramish, 09-14-2009

Add another one here too.
I received my e9150t in early July with v1.03 mobo, i7 920 processor. Freezes every time after starting cold (ie after being powered off overnight.)  If I reboot once more after the cold start, then it runs fine for days on end.
I've been following this thread for a while and it's disgusting that there's

no acknowledgement from HP of a problem, much less a solution.
For whoever's keeping track, mark off one more under the column of
disgruntled, angry customer with (another) bad e9150t!
*Id. at* 66, (message 659).

    n.    95mustang
        You can add my PC to the list.
e9150t mobo 1.04, bios 5.18
i7-950
Freezing, BSOD's, system failures which cause restarts
I like how HP just sits in the shadows in this forum pretending not to
notice an issue with the PCs.  That's classic.  I won't be buying HP again,
that's for sure.  And I'll make sure I recommend that to everyone I know.
    *Id. at* 66, (message 652).

    o.    hakanson, 09-15-2009
        I have a e9180t with the i7-920 that I ordered on 8/10 with similar
issues.  I have only had a couple BSOD instances, but after the one tonight
I found a "Error Type: Internal Timer Error" message in the event viewer.
I ran the Belarc Advisor (googled it) and here are the relevant results:
Board: PEGATRON CORPORATION TRUCKEE 1.04
BIOS: American Megatrends Inc. 5.18 07/06/2009
Made in Mexico
I haven't called HP support yet, but I feel that I have enough information
now to do so.  Wish me luck and I will report back with any news.
*Id. at* 67, (message 668).

    p.    asciro, 09-15-2009
        Hey Everyone...
Add me to the list of frustrated HP owners!
Got a e9150t , i7-920, 6gb ddr3, 512mb radeon on September 8th -  Froze
on the HP splash screen on cold start-up!  Spoke to about 10 service reps
over the past 4 days.  They have had me change everything from setting to
"discharging" the unit.  Also I had one guy who told me to take the CMOS
battery out.  All of this and it seemed to temporarily fix the issue but then I
got a BSOD when I went to switch users!  I still have about 10 days to
send this POS back for a refund...
*Id. at* 68, (message 676).

    q.    GaryJ51, 09-15-2009
        Called HP to followup on my e9180f that came back from repair
and is still freezing up.  Case Manager was not available.  I will try again
tomorrow.  Another day lost not being able to use what I paid for.
Problem solving is now at a cost of $200/wk.  I only spent $1200 for
6weeks of headaches and frustration.
*Id. at* 72, (message 720).

    r.    MrsMustang97, 9-21-09
        Please add my PC to the list
E9150T
I7-920
8 GB DDR3
Package originated in Texas so I believe it was assembled in Mexico but
100% positive.  I spent three 3hrs on the phone with tech support on
Friday only to have the computer lock up again on Saturday morning.  I so

look forward to my next phone call today to tech support.  Great thread.
*Id. at* 84, (message 840).

      s.    95mustang,  09-21-2009
         Just so I'm clear on this, is it true that HP has admitted to the
motherboard problem now?  I'm supposed to be having my e9180t built
soon.  So if they are admitting to the problem, you would think that they
would wait to build it until they have non-defective boards in.  This is my
second replacement.  First PC: e9150t i7-920 was faulty. (BSOD's,
freezing, display shutting off)  Had that one repaired: apparently they
replaced the CPU. (Still freezing, BSOD's).  Next got a replacement
e9150t i7-950: (BSOD's, freezing, display shutting off, random restarts
because of system failures)  Now I'm getting an e9180t i7-975
*Id. at* p. 85, (message 841).

      t.    Jaydn 09-21-2009
         I received my (replacement) e9180t i7-975 late last week, fired it
up on Saturday.  I am 2 for 2 on BSODs.  The first was during registration
(before I even got fully into Windows) and the second was less than 10
minutes into my first cold-boot.
So, I am having similar problems with my "new" replacement machine
that I had with my initial 9180t.  The only difference is that this new box
seems to result in BSDOs while the original resulted in lock-ups.
*Id. at* 85, (message 842).

38.    HP has so far failed to offer Plaintiffs and class members any adequate fix of the

motherboards.  As set forth above, even though HP is replacing e9150t models with the upgraded

e9180 models and including faster, more costly processors, the computers still exhibit the same

defects.

39.    In addition, HP has instructed HP Pavilion Elite series computer owners to install

a BIOS update to "improve system stability" and "resolve an issue which could prevent the

system from starting up."  *See*

*http://h30434.www3.hp.com/psg/board/message?board.id=lockups&thread.id=3146*.  However,

this BIOS update fails to prevent the lock-ups, freezes and blue screen errors that Plaintiffs

experience.

## VI.    FIRST CAUSE OF ACTION

**(Violations of Business & Professions Code § 17200 *et seq.*)**
**(Unfair Business Practices)**

40.    Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully

1    set forth herein.

2         41.    Defendant has engaged in unfair competition within the meaning of California

3    Business & Professions Code Section 17200 *et seq.* because Defendant's conduct is unfair as

4    herein alleged.

5         42.    Defendant's conduct constitutes an unfair business practice because Defendant is

6    marketing and selling its HP Pavilion Elite series computers in a manner likely to deceive the

7    public, and Plaintiffs relied on Defendant's representations and omissions and were deceived and

8    have suffered actual harm as a result.

9         43.    Defendant's business practices, and each of them, are unfair because they offend

10   established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or

11   substantially injurious to consumers in that consumers are led to believe that HP Pavilion Elite

12   series computers were free from defects and reliable when, in fact, the HP Pavilion Elite series

13   computers cannot operate without lock-ups and freezes as described above.

14        44.    Additionally, when Plaintiffs and class members report problems with their HP

15   Pavilion Elite series computers, HP fails to provide an adequate fix.  That is, HP fails to provide

16   consumers with a reliable computer without the defects that impair the HP Pavilion Elite series

17   computers' functionality.

18        45.    Plaintiffs have suffered a loss of money and property as a result of the wrongful

19   conduct here alleged.  Defendant's unfair business practices have caused injury to Plaintiffs, the

20   Class, and the public.

21        46.    Plaintiffs and the Class are entitled to relief, including full restitution of all

22   revenues which may have been obtained by Defendant from Plaintiffs and the Class as a result of

23   such business acts or practices, and enjoining Defendant to cease and desist from engaging in the

24   practices described herein.

25        **WHEREFORE**, Plaintiffs and the Class pray for relief as set forth below.

26

27

28

## VII.   SECOND CAUSE OF ACTION

### (Violation of Business & Professions Code § 17200)
### (Illegal Business Practice)

47.     Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

48.     Defendant has engaged in an illegal business practice within the meaning of California Business & Professions Code Section 17200 *et seq.* because Defendant's conduct violates the California False Advertising Law, the California Consumers Legal Remedies Act and the written and express warranties created by HP's representations concerning the HP Pavilion Elite series computers' functionality.

49.     Defendant's wrongful business acts constituted, and constitute, a continuing course of conduct of illegal business practices because Defendant is selling its products and marketing them in a manner that is likely to deceive the public, and Plaintiffs have suffered actual harm as a result.

50.     Defendant's business practices, and each of them, are illegal because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that HP Pavilion Elite series computers were "free from defects and reliable" when, in fact, the HP Pavilion Elite series computers cannot operate without lock-ups and freezes as described above.

51.     Defendant's unlawful business acts constituted, and constitute, a continuing course of conduct of illegal business practices because Defendant is selling its products and marketing them in a manner that is likely to deceive the public, and Plaintiffs who relied on HP's representations and have suffered actual harm as a result.

52.     Plaintiffs have suffered a loss of money and property as a result of the wrongful conduct here alleged.  Defendant's unlawful business practices have caused injury to Plaintiffs, the Class, and the public.  Plaintiffs and the Class are entitled to relief, including full restitution of all revenues which may have been obtained by Defendant from Plaintiffs and the Class as a result of such business acts or practices, and enjoining Defendant to cease and desist from

1    engaging in the practices described herein.

2        **WHEREFORE**, Plaintiffs and the Class pray for relief as set forth below.

3    ### VIII.   THIRD CAUSE OF ACTION

4    **(Violation of Business & Professions Code § 17200)**
5    **(Fraudulent Conduct)**

6        53.     Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully

7    set forth herein.

8        54.     Defendant's wrongful business acts constituted, and constitute, a continuing

9    course of fraudulent conduct because Defendant is selling its products and marketing them in a

10   manner that is likely to deceive the public, and Plaintiffs relied on Defendant's misrepresentation

11   and has suffered actual harm as a result.

12       55.     Plaintiffs are informed and believe that Defendant knew that its representations

13   concerning its HP Pavilion Elite series computers were false.  Furthermore, Plaintiffs relied on

14   Defendant's misrepresentation and suffered a loss of money and property as a result of

15   Defendant's fraudulent conduct.  Defendant's fraudulent practices have caused injury to

16   Plaintiffs, the Class, and the public.  Plaintiffs and the Class are entitled to relief, including full

17   restitution of all revenues which may have been obtained by Defendant from Plaintiffs and the

18   Class as a result of such business acts or practices, and enjoining Defendant to cease and desist

19   from engaging in the practices described herein.

20       **WHEREFORE**, Plaintiffs and the Class pray for relief as set forth below.

21   ### IX.      FOURTH CAUSE OF ACTION

22   **(Breach of Express Warranty)**

23       56.     Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully

24   set forth herein.

25       57.     Defendant HP issued written warranties to Plaintiffs and the Class wherein

26   Defendant warranted that their Pavilion Elite series computers were fit for the purpose for which

27   they were intended, and were free of defects.  HP's written warranty specifically provides:

28

HP warrants that the HP Hardware Products that you have purchased or leased from HP are free from defects in materials or workmanship under normal use during the Limited Warranty Period.

58.     The HP Elites series computers come with either a one-year (for models e9150t, m9600t, and m9650f) or two-year (for models e9180f and e9180t) written warranty.

59.     Further, HP warranted that HP Pavilion Elite series computers were reliable.

60.     Plaintiffs and the Class have performed all conditions, covenants and promises required to be performed on their part in accordance with the warranties.

61.     Defendant has breached warranty obligations by failing to design, engineer, manufacture and deliver its HP Pavilion Elite series computers in a manner so that the computers would be fit for the purpose for which the computers were represented, free from the defects alleged herein, and able to function as HP represented.

62.     Further, HP has breached its written warranty in failing to provide an adequate repair or replacement to correct the defect that causes the HP Pavilion Elite series computers' motherboards of to fail prematurely.

63.     As consumers, Plaintiffs and the Class are relieved of any notice requirement, and HP, who has superior knowledge of its technology, should be estopped from asserting lack of notice as a defense.  Plaintiffs also provided sufficient notice to HP pursuant to the California Consumers Legal Remedies Act as alleged in paragraph 82 below and that notice should suffice under the law of warranty as well.

64.     Defendant has breached the warranties by undertaking the wrongful acts herein alleged.

65.     Defendant's breach of the warranty was a substantial factor in causing Plaintiffs and the Class to suffer economic losses and other general, consequential and specific damages, according to proof.

**WHEREFORE**, Plaintiffs and the Class pray for relief as set forth below.

# X.   FIFTH CAUSE OF ACTION

## (Breach of Implied Warranty)

66.     Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

67.     Plaintiffs Kent and Daugherty purchased their HP Pavilion Elite e9150t's directly from HP and, therefore, are in privity with Defendant HP.

68.     At the time of contracting, Defendant HP impliedly warranted to Plaintiffs and to all other Class members that their HP Pavilion Elite series computers were of merchantable quality and suitable for ordinary use.

69.     As set forth above, the Pavilion Elite series computers sold, leased and delivered to Plaintiffs and all other Class members contain an inherent defect which is substantially certain to result in malfunction during the computer's useful life of the product and, therefore, are not of merchantable quality and was not suited for ordinary use.

70.     Plaintiffs and all Class members reasonably relied on HP's implied warranty at the time they made their decision to purchase HP Pavilion Elite series computers.

71.     Defendant HP breached its implied warranty of merchantability to Plaintiffs and all Class members who purchased or leased their HP Pavilion Elite series computers.

72.     Defendant HP breached its implied warranty of fitness for a particular purpose to Plaintiffs and all Class members who purchased or leased their HP Pavilion Elite series computers.

73.     Defendant HP's breach of warranties proximately caused damages to Plaintiffs and all Class members who purchased or leased their HP Pavilion Elite series computers.

**WHEREFORE**, Plaintiffs and the Class and Consumer Subclass pray for relief as set forth below.

# XI.    SIXTH CAUSE OF ACTION

### Violation of Civil Code § 1750 *et seq.*)
### (For Consumer Subclass)

74.    Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

75.    The Consumers Legal Remedies Act, Civil Code Section 1750 *et seq*. (hereinafter "CLRA") was designed and enacted to protect consumers from unfair and deceptive business practices.  To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code Section 1770.

76.    The CLRA applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services for personal, family or household use.

77.    At all relevant times, Plaintiffs and members of the Consumer Subclass were "consumers" as that term is defined in Civil Code Section 1761(d).

78.    The transactions from which this action arises include transactions involving the sale or lease of goods or services for personal, family or household purposes within the meaning of Civil Code Section 1761.

79.    Defendant's practices in connection with the marketing and sale of its HP Pavilion Elite series computers violate the CLRA in at least the following respects:

a.    In violation of Section 1770(a)(5), Defendant has represented that the HP Pavilion Elite series computers have characteristics that they do not have;

b.    In violation of Section 1770(a)(7), defendant has represented that the HP Pavilion Elite series computers are of a particular standard, quality, or grade when they are not; and

c    In violation of Section 1770(a)(9), Defendant has advertised the HP Pavilion Elite series computers with an intent not to sell them as advertised.

80.    Defendant's failure to disclose and knowing concealment of the fact that the HP Pavilion Elite series computers had defective motherboards are omissions and concealments of

1    material fact that constitute unfair and/or deceptive business practices in violation of Civil Code

2    Section 1770(a).

3          81.    Defendant's violations of Civil Code Section 1770 present a continuing threat to

4    members of the public in that Defendant is continuing to engage in the practices alleged herein,

5    and will not cease until an injunction is issued by this Court.

6          82.    Pursuant to Civil Code Section 1782, Plaintiffs provided notice to defendant thirty

7    days prior to filing this action.

8          83.    Defendant HP has not provided any relief to Plaintiffs, or the Class, in response to

9    the notice described in paragraph 93, *supra*.

10         84.    Accordingly, pursuant to the provisions of Civil Code § 1780, Plaintiffs are

11   entitled to actual and punitive damages plus interest thereon, restitution and other appropriate

12   equitable relief, an order enjoining Defendant from the unlawful practices described herein, as

13   well as recovery of attorney's fees and cost of litigation.

14         **WHEREFORE**, Plaintiffs and the Class and Consumer Subclass pray for relief as set

15   forth below.

16                           **XII.    PRAYER FOR RELIEF**

17         1.    Certification of the proposed Class and notice thereto to be paid by Defendant;

18         2.    For restitution;

19         3.    For an injunction ordering Defendant to cease and desist from engaging in the

20   unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

21         4.    For compensatory damages;

22         5.    For statutory damages;

23         6.    Prejudgment interest;

24         7.    Costs;

25         8.    Reasonable attorneys fees; and

26

27

28

1      9.      All such other and further relief as the Court deems just and proper.

2  Dated: February 12, 2010                    **RAM & OLSON**

3

4                                   By:        ___***/s/ Michael F. Ram***___
                                              Michael F. Ram
5                                             555 Montgomery Street, Suite 820
                                              San Francisco, California 94111
6                                             Telephone: (415) 433-4949
                                              Facsimile: (415) 433-7311
7                                             Email:  mram@ramolson.com

8
                                              Michael Boni
9                                             **BONI & ZACK, LLC**
                                              15 St. Asaphs Road
10                                            Bala Cynwyd, PA 19004
                                              Telephone:  (610) 822-0200
11                                            Facsimile:  (610) 822-0206
                                              Email:  mboni@bonizack.com
12
                                              Marc H. Edelson
13                                            **EDELSON & ASSOCIATES, LLC**
                                              45 W. Court Street
14                                            Doylestown, PA 18901
                                              Telephone: (215) 230-8043
15                                            Facsimile: (215) 230-8735
                                              Email:  medelson@edelson-law.com
16
                                              Oren S. Giskan
17                                            **GISKAN SOLOTAROFF**
18                                            **ANDERSON & STEWART, LLP**
                                              11 Broadway, Suite 2150
19                                            New York, NY 10004
                                              Telephone: (212) 847-8315
20                                            Facsimile: (646) 520-3237
                                              Email:  ogiskan@gslawny.com
21
                                              Paul R. Kiesel
22                                            **KIESEL BOUCHER & LARSON, LLP**
                                              8648 Wilshire Boulevard
23                                            Los Angeles, CA 90211
                                              Telephone:  (310) 854-4444 ext. 215
24                                            Facsimile:  (310) 854-0812
                                              Email**:**  kiesel@kbla.com
25

26

27  / / /

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jonathan Shub (SBN 237708)
**SHUBLAW LLC**
1818 Market Street, 13th Floor
Philadelphia, PA  19102
Telephone:  (610) 453-6551
Email:  jshub@shublaw.com

Jeffrey L. Kodroff
**SPECTOR ROSEMAN KODROFF &
WILLIS, P.C**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
Email:  jkodroff@srkw-law.com

*Attorneys for Plaintiffs and the Class*

1
2

# XIII.   JURY DEMAND

Plaintiffs on behalf of themselves and all others similarly situated hereby requests a jury

3
4

trial on the claims so triable.

5

Dated: February 12, 2010                                      **RAM & OLSON**

6
7

By:        ___/s/ *Michael F. Ram*___
Michael F. Ram
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311
Email:  mram@ramolson.com

8
9
10
11

Michael Boni
**BONI & ZACK, LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone:  (610) 822-0200
Facsimile:  (610) 822-0206
Email:  mboni@bonizack.com

12
13
14
15
16

Marc H. Edelson
**EDELSON & ASSOCIATES, LLC**
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
Email:  medelson@edelson-law.com

17
18
19
20

Oren S. Giskan
**GISKAN SOLOTAROFF**
**ANDERSON & STEWART, LLP**
11 Broadway, Suite 2150
New York, NY 10004
Telephone: (212) 847-8315
Facsimile: (646) 520-3237
Email:  ogiskan@gslawny.com

21
22
23
24
25

/ / /

26

/ / /

27

/ / /

28

1

2

3

4

Paul R. Kiesel
**KIESEL BOUCHER & LARSON, LLP**
8648 Wilshire Boulevard
Los Angeles, CA 90211
Telephone:  (310) 854-4444 ext. 215
Facsimile:  (310) 854-0812

5

6

7

8

Jonathan Shub (SBN 237708)
jshub@shublaw.com
**SHUBLAW LLC**
1818 Market Street, 13th Floor
Philadelphia, PA  19102
Telephone:  (610) 453-6551

9

10

11

12

13

Jeffrey L. Kodroff
**SPECTOR ROSEMAN KODROFF &
WILLIS, P.C**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

14

*Attorneys for Plaintiffs and the Class*

15

16

N:\Docs\1113-02\Pleadings\Complaint-Amended-Elite.doc

17

18

19

20

21

22

23

24

25

26

27

28