1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12
13
14
15

MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL, individually and on behalf of all those similarly situated,

16

Plaintiffs,

17

v.

18

HEWLETT-PACKARD COMPANY,

19

Defendant.

20

CASE NO. C 09-5341 JF

**JOINT STIPULATION AND |XXXXXXXXXXX PROTECTIVE ORDER**

21
22

WHEREAS, the Parties to the above-referenced action pending before this Court have agreed to enter into a protective order to be applied to this matter;

23
24

NOW, THEREFORE, the Parties, by and through their respective counsel, having stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the confidentiality of documents and other information obtained in the course of discovery in this Action, it is hereby ORDERED THAT:

25
26
27

1.    **SCOPE OF ORDER**.  This Stipulation and Protective Order includes in its scope any

28

documents, things and information (including all documents and tangible things as defined in

1

Rule 34(a) of the Federal Rules of Civil Procedure or any applicable Local Rule) that are produced, disclosed or filed in the above-captioned action entitled *Kent, et al. v. Hewlett-Packard Co.*, C-09-5341 JF (the "Action"), by or on behalf of any party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, a response to any type of written discovery, a submission to the Court or otherwise ("Litigation Material"). Nothing in this Order shall obligate any Party or non-party to produce any Litigation Material to any other party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.

**2. USE OF LITIGATION MATERIAL GENERALLY**. All Litigation Material, including all Litigation Material designated as or reflecting RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial, and appeal of this Action, and for no other purpose, absence further order of the Court. However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things, or information that are in the public domain.

**3. DEFINITIONS**.

(a) "Party" or "Parties" shall mean any or all parties to this Action.

(b) "Producing Party" shall mean a Party or non-party on behalf of which documents, things or information is produced, furnished, or disclosed, during the course of this Action, in response to requests for production of documents, interrogatories, requests for admission, depositions or any other requests for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, motions, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

(c) "Receiving Party" shall mean any party to which documents, things or information is produced, furnished, or disclosed, whether voluntarily or in response to a formal or

2

informal discovery request, subpoena, deposition notice, or court order, by any Producing Party in this Action.

(d)    "RESTRICTED INFORMATION" shall mean Litigation Material which qualifies for protection under standards developed under F.R.Civ.P. 26(c), including:  (i) confidential or proprietary technical or scientific information; (ii) confidential know-how; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information, including without limitation business plans, manufacturing information, cost information or logistical information; (viii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (ix) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence. RESTRICTED INFORMATION shall not include information that at any time has been produced, disclosed or made available to the public or otherwise available for public access.

(e)    "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION" shall mean Litigation Material which reflects or contains any of the following:  (i) technical specifications; (ii) trade secrets; (iii) confidential pricing, marketing and sales information; or (iv) any information which affords the Producing Party an actual or potential economic advantage over others.

**4.    DESIGNATION OF DOCUMENTS OR OTHER LITIGATION MATERIAL**.

(a)    Any Party or non-party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as either:

(i)    RESTRICTED INFORMATION, by placing on each page and each thing to which the designation applies a legend substantially as follows:  "RESTRICTED INFORMATION SUBJECT TO PROTECTIVE ORDER," "RESTRICTED INFORMATION," or other similar designation; or

(ii)    RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, by placing on each page and each thing to which the designation applies a legend substantially as

3

follows: "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION," "OUTSIDE COUNSEL ONLY," or other similar designation plainly indicating "Outside Counsel Only" Litigation Material.

(b)     Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(c)     Mass indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

(d)     If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.     PROCEDURE FOR OBJECTION TO DESIGNATION.**

(a)     The designation of an item as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may be challenged, among other reasons, because (i) the information is or comes to be publicly disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, or (iii) the information is or comes to be otherwise known to the Parties through other means without any breach of the confidentiality obligations hereunder. Any inadvertent disclosure of RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under this Protective Order shall not serve as a basis for challenging the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION designation of the information in question.

(b)     At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or redesignation of any Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION by providing

4

counsel for the Producing Party with written notice of the reasons for its objection. The Producing Party shall, within fourteen (14) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation. Within ten (10) calendar days thereafter, the parties shall confer in a good-faith effort to resolve the matter. Failing such resolution, the Party objecting to the designation may apply to the Court for an order removing the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION designation from the Litigation Material in question.

(c)     A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that set forth with specificity the justification for the confidentiality designation that was given by the Producing Party in the meet and confer dialogue.

(d)     The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

(e)     Notwithstanding any objection to the designation of Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, Litigation Material designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION changes or removes such designation in writing; or (ii) the Court orders the Producing Party to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as reclassified, that person shall be advised that the

5

Litigation Material has not been reclassified and should be instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

**6.** **USE OF RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION**.  RESTRICTED INFORMATION shall not be made available, nor shall the contents thereof be disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 7 herein, and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall not be made available, nor shall the contents thereof be disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 8 herein, except that RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 10 and 11 herein.  All RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be carefully maintained by the Receiving Party in secure facilities and access to such RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order.

**7.** **QUALIFIED PERSONS**.  QUALIFIED PERSONS as used herein shall include only the following:

(a) a Party (such as the named plaintiff);

(b) a Receiving Party's outside litigation counsel of record as evidenced by its having executed this Agreement;

(c) the regularly employed support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) of a Receiving Party's outside litigation counsel as necessarily incident to the litigation of this Action;

(d) personnel at document duplication, coding, imaging, or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this Action;

(e) Qualified Consultants and Qualified Experts, as provided in Paragraph 10;

6

(f)     the regularly employed support personnel (such as administrative assistants, secretaries, and clerical and administrative staff) of a Qualified Consultant and Qualified Expert as necessarily incident to the litigation of this Action; and

(g)     the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trial in this Action.

**8.**     **SPECIALLY QUALIFIED PERSONS**.  SPECIALLY QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 7(a), (b), (c), (e) and (g) and any persons specially qualified to receive RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION by virtue of the Producing Party having approved of the proposed Specially Qualified Person pursuant to Paragraph 11, or the Court has ruled on an application by the Receiving Party that the proposed Specially Qualified Person may receive the RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party.

**9.**     **AGREEMENT BY QUALIFIED PERSONS AND SPECIALLY QUALIFIED PERSONS.**

(a)     Except as provided in this Protective Order, RESTRICTED INFORMATION shall not be made available to any QUALIFIED PERSON, nor shall RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION be made available to any SPECIALLY QUALIFIED PERSON, unless such QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON has first read this Stipulation and Protective Order and has agreed in writing (i) to be bound by the terms hereof, (ii) to maintain the confidentiality of the information and not to use or disclose the information to anyone other than as provided herein, and (iii) to utilize such information solely for the purpose of this Action (as evidenced by signing an Agreement to Abide by Protective Order, in the form set forth in Exhibit A or B hereto, as appropriate).

(b)     Support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) need not sign an Agreement to Abide by Protective Order to constitute QUALIFIED PERSONS or SPECIALLY QUALIFIED PERSONS if their supervisors have done so.  In addition, the assent to this Stipulation and Protective Order by counsel for a Party

7

or non-party binds such counsel, his or her law firm, and support personnel employed by such law firm for purposes of constituting QUALIFIED PERSONS and/or SPECIALLY QUALIFIED PERSONS.

        (c)     The Court and other individuals set forth in Paragraph 7(g) need not sign an Agreement to Abide by Protective Order.

        (d)     Counsel for a Party obtaining an Agreement to Abide by Protective Order shall retain a copy of that Agreement during the course of this Action until the case involving that Counsel's client is terminated by judgment, dismissal, or settlement.

        (e)     In the event that any QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON ceases to engage in the litigation of this Action, access by such person to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be terminated.  The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON.

**10.**    **APPROVAL OF PROPOSED QUALIFIED CONSULTANTS AND QUALIFIED EXPERTS.**

        (a)     A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of that Producing Party only after  the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit B.  The Receiving Party shall keep a copy of the signed Agreement to Abide by Protective Order.  Absent a Court order or consent from the Producing Party, the Receiving Party shall not disclose RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to a consultant or expert retained by the Receiving Party who, within the past five years: has served as an employee of the Producing Party; served as an employee of a competitor of the Producing Party; or, served as a consultant or expert witness for a competitor of the Producing Party.

1        (b)    A Producing Party shall have seven (7) court days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 10(a) or this Paragraph 10(b), to object to a proposed Qualified Consultant or Qualified Expert. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to object within the period referenced in this Paragraph shall constitute approval. If a written notice of objection is served, no RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party shall not be disclosed to the proposed Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

(c)    A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Producing Party for its refusal to approve the disclosure.

(d)    The objecting Producing Party shall have the burden of demonstrating by a preponderance of the evidence that the proposed Qualified Consultant or Qualified Expert should not be permitted to receive RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

**11.**    **APPROVAL OF PROPOSED SPECIALLY QUALIFIED PERSONS.**

(a)    A person shall become a Specially Qualified Person as to a particular Producing Party and may receive RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed

9

Specially Qualified Person has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A or B hereto, as appropriate; (ii) the executed Agreement and a list of any known present or former relationships or engagements between the proposed Specially Qualified Person and any Party or known competitor of a Party have been served on the Producing Party; and (iii) the Producing Party has approved of the proposed Specially Qualified Person, or the Court has ruled on an application by the Receiving Party that the proposed Specially Qualified Person may receive RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

(b)     A Producing Party shall have fourteen (14) calendar days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 11(a) or this Paragraph 11(b), plus three (3) additional calendar days if service is made by mail, to object to a proposed Specially Qualified Person.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to object within the period referenced in this Paragraph shall constitute approval.  If a written notice of objection is served, no RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party shall be disclosed to the proposed Specially Qualified Person until the objection is resolved by agreement or by an order of the Court.

(c)     The Party seeking to disclose RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to the proposed Qualified Employee, Qualified Consultant, or Qualified Expert bears the burden of seeking an order of the Court.  The objecting Producing Party shall have the burden of demonstrating by a preponderance of the evidence that the proposed Qualified Employee, Qualified Consultant, or Qualified Expert should not be permitted to receive RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

**12.     LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to any of the following:

(a)     any current employee of the Producing Party;

10

(b)     any former employee of the Producing Party if the RESTRICTED

INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION originated with,

or was sent to, the former employee during the term of employment of the former employee, as

evidenced by the identification of the former employee as an author, recipient, or copyee on the face

of the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY

INFORMATION.

**13.     LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT**

**DEPOSITION**.  RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY

INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at

trial or at deposition, or who provide an affidavit or certification, only if:

(a)     in the case of a document, it appears that the witness has previously seen or

received the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY

INFORMATION contained therein, either because the document identifies the witness as an author,

recipient or copyee, or because the document comes from the files of the witness;

(b)     the lawyer disclosing such RESTRICTED INFORMATION or RESTRICTED

OUTSIDE COUNSEL ONLY INFORMATION has a reasonable, good-faith belief based upon the

witness's testimony or the testimony of other witnesses that the witness has had previous access to

the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY

INFORMATION;

(c)     the Producing Party agrees in writing that the witness may have access to the

RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION

for purposes of his or her testimony at trial and/or at deposition; or

(d)     the witness is employed by or affiliated with the Producing Party.

If the basis of the disclosure is (a) or (b) above, then immediately after the disclosure, the lawyer

disclosing such RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY

INFORMATION must make an inquiry with respect to the witness's previous access to such

information, and if it becomes apparent on such inquiry that the witness has not had previous access

to the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY

11

INFORMATION, the item shall be withdrawn and no further inquiry regarding the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be permitted. Any witness testifying at trial or at deposition or who provides an affidavit or certification, or his or her counsel, who receives RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

14. **DESIGNATION OF DEPOSITION TESTIMONY**. A Party or non-party may designate information disclosed during a deposition as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION by so indicating on the record at the deposition. A Party or non-party may also designate in writing, within twenty (20) calendar days of the receipt of the final version of the transcript (the "Designation Period"), specific pages of the transcript to be treated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION. Until the Designation Period has elapsed for a given transcript or portion thereof, that transcript or such portion shall be treated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION. When information contained or incorporated in a deposition transcript is designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, arrangements shall be made with the court reporter by the Party making the designation to label the relevant pages RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, as the case may be.

15. **ATTENDANCE AT DEPOSITIONS**. During depositions of any Party or non-party, a Party or non-party claiming that information to be disclosed or upon which questions may be based is RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may exclude from the room any person who is not a QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON, as appropriate under this Protective Order.

16. **FILING RESTRICTED INFORMATION AND RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION**. Without written permission from the Producing Party, or a

12

court order secured after appropriate notice to all interest persons, a Party may not file in the public record in this action and RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.  Requests by any Party to file RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under seal shall be governed by Civil Local Rule 79-5.

**17.    USE OF RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION AT TRIAL**.  Nothing in this Protective Order shall prevent a Party from using any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION at a hearing or at trial.  The Parties may request that attendance at those portions of the hearing or trial, or access to the transcripts of those portions of the hearing or the trial, in which RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION is disclosed be restricted to court personnel, QUALIFIED PERSONS, and SPECIALLY QUALIFIED PERSONS, as appropriate, pursuant to this Protective Order.

**18.    PROCEDURE FOR POST-PRODUCTION DESIGNATION**.  At any time prior to the final pretrial conference in this Action, a Producing Party may seek additional protection for previously produced Litigation Material by designating such Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or changing the classification of any Litigation Material designated RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, by providing written notice to the recipients of such information, provided that no such recipient shall be bound by the terms of this Protective Order, or be subject to liability for failure to comply with such terms, until receipt of such written notice.  If Litigation Material was properly shown to a person who would not be entitled to see it as newly designated or redesignated, that person shall be advised that the Litigation Material has been designated or redesignated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

13

19. **AVAILABILITY TO NON-PARTIES.** Any non-party, whether an individual or entity, from whom discovery is sought may obtain the protection of this Protective Order by written request to the Party seeking such discovery.

20. **NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

21. **NO WAIVER.**

(a) Nothing in this Protective Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such right. Moreover, nothing in this Protective Order shall prejudice the right of any Party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

(b) Entering into, agreeing to and/or complying with the terms of this Protective Order shall not (i) operate as an admission by any Party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any Party that any particular Litigation Material is, or is not, relevant to this Action.

22. **PARTIES' OWN INFORMATION.** Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things or information. Nor shall anything in this Protective Order prevent any Producing Party from disclosing its RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to any person. Such disclosures shall not affect any designation of such information as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

14

23.     **DISCLOSURES BEYOND PROTECTIVE ORDER**.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order (i) if the Designating Party(ies) consents to such disclosure; (ii) if the Court, after notice to all affected persons, allows such disclosure; or (iii) if the Party to whom RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the Designating Party and permits counsel for that party at least fourteen (14) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued

24.     **INADVERTENT PRODUCTION OF PRIVILEGED LITIGATION MATERIAL**.  The inadvertent production of Litigation Material which a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work-product privilege or joint defense privilege ("Inadvertently Produced Privileged Material") will not be deemed a waiver of any privileges.  A Party or non-party may request the return of any Inadvertently Produced Privileged Material.  A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently produced and the basis for withholding such Litigation Material from production.  If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in custody of another party, such party shall within five (5) business days return to the requesting Party or non-party the Inadvertently Produced Privileged Material and destroy all copies thereof.  The party or parties returning such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production.  The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that (i) the Litigation Material was never privileged or otherwise immune from disclosure; or (ii) any applicable privilege or immunity has been waived by some act other than the production of the Litigation Material.

15

**25.    INADVERTENT DISCLOSURE OF RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.**

(a)    If any Litigation Material that a Party or non-party intends to designate as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION is inadvertently disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

(b)    If any Litigation Material designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION hereunder is disclosed, through inadvertence or otherwise, to a person or party other than a QUALIFIED PERSON or SPECIFICALLY QUALIFIED PERSON, as the case may be, then the party disclosing the information shall use its best efforts to bind such person or party to the terms of this Protective Order and (a) such person shall be informed promptly of all provisions of this Protective Order by the disclosing party; (b) such person shall be identified immediately to the Party that designated the Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION; and (c) the person to whom disclosure was made shall be requested to sign an Agreement to Abide by Protective Order in the form of Exhibit C hereto, which signed Agreement shall be served on the Party that designated the Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL INFORMATION.  Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

**26.    RETURN OR DESTRUCTION OF RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION UPON CONCLUSION OF THIS ACTION.**

(a)    At the conclusion of this Action, each party subject to the terms of this Protective Order shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing information designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION within sixty (60) days of the conclusion of this Action, including notes made therefrom or summaries thereof, in lieu of returning

Litigation Materials containing information designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, a party may destroy all such Litigation Material within sixty (60) days of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good-faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge.

(b)     Notwithstanding Paragraph 26(a), and subject to Paragraph 6, outside litigation counsel for each Party may retain a record including one copy of the following, irrespective of whether or not RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION or another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleading file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendixes on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of trial transcripts and accompanying exhibits.

**27.     SURVIVAL OF OBLIGATIONS.**

(a)     All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

(b)     "Conclusion of this Action" shall mean such time as all appeal periods have expired and any settlement or judgment has become final.

(c)     For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction over the Parties and any persons provided access to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under the terms of this Protective Order for a period of six months after the final termination of this action.

**28.     VIOLATIONS SANCTIONABLE.**  All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who

17

1  commits such violation may be subject to such sanctions as the Court on motion and after a hearing

2  deems just.

3      **29.**    **RELIEF FROM PROTECTIVE ORDER.**  Entry of this Protective Order shall be

4  without prejudice to the application by any Party or non-party (i) for relief from any restriction

5  contained herein or (ii) for any order compelling or further restricting the production or use of any

6  Litigation Material produced, furnished, or disclosed in the course of discovery in this Action. The

7  Parties may amend or modify any provision of this Order by mutual agreement, which agreement

8  shall be embodied in a written stipulation to be approved by the Court.

DATED: _____June 11, 2010_____

*Patricia V. Trumbull*
_____

United States I xxxxxxxxxxxxxxxxxxxxx

Magistrate Judge

18

WE HEREBY CONSENT TO THE FORM AND ENTRY OF THE ABOVE ORDER:

Dated: June 10, 2010

GISKAN SOLOTAROFF ANDERSON & STEWART LLP


By: _____ */s/ Oren Giskan* _____

Oren Giskan

Respectfully submitted on behalf of Plaintiffs MICHAEL A. KENT, BOYD DAUGHTERTY, DANIEL JOHANNING, and JAKUB CMIRAL


GIBSON, DUNN & CRUTCHER LLP


By: _____

Samuel G. Liversidge

Respectfully submitted on behalf of Defendant HEWLETT-PACKARD CO.

100858848_1.DOC

19

EXHIBIT A
<u>Specially</u> Qualified Person

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Defendant. | CASE NO. C 09-5341 JF<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## <u>**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**</u>

I, _____, being duly sworn, state that:

1.    My address is _____

_____.

2.    My present employer is _____,

and the address of my present employment is _____

_____.

1

3.     My present occupation or job description is _____

_____

_____.

4.     I hereby acknowledge that I have read the Stipulation and Protective Order ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5.     I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION or any notes containing or reflecting such information to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION for any purpose other than a purpose directly associated with my duties in this litigation.

6.     I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any RESTRICTED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

2

7.     I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date: _____

**PROTECTIVE ORDER**                                                        Case No. C-09-5341-JF
Exhibit A – Agreement To Abide By Protective Order

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL, individually and on behalf of all those similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>      Defendant. | CASE NO. C 09-5341 JF<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1.    My address is _____

_____.

2.    My present employer is _____,

and the address of my present employment is _____

_____.

1

3.     My present occupation or job description is _____

_____

_____.

4.     I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any Party to the above-captioned action (the "Action") or any known competitor thereof.

5.     I hereby acknowledge that I have read the Stipulation and Protective Order ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.     I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION or any notes containing RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION for any purpose other than a purpose directly associated with my duties in this litigation.

7.     I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I further agree to notify any support personnel (such as paralegals,

2

administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date: _____

3

1
2
3
4
5
6
7

EXHIBIT C
Non-Party

8    UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10    SAN JOSE DIVISION

11

12 | MICHAEL A. KENT, BOYD DAUGHERTY,
DANIEL JOHANNING, AND JAKUB
13 | CMIRAL, individually and on behalf of all those
similarly situated,
14

CASE NO. C 09-5341 JF

**JOINT STIPULATION AND
[PROPOSED] PROTECTIVE ORDER**

15          Plaintiffs,

16       v.

17 | HEWLETT-PACKARD COMPANY,

18
          Defendant.
19

20    **AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

21       I, _____, being duly sworn, state that:

22       1.    My address is _____

23 _____.

24       2.    My present employer is _____,

25 and the address of my present employment is _____

26 _____.

27

28

1

3.      My present occupation or job description is _____

_____

_____.

4.      I represent non-party _____

_____.

5.      I hereby acknowledge that I have read the Stipulation and Protective Order ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION or any notes containing RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION for any purpose other than a purpose directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me

2

of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

8.     I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date:_____

3