UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO. C 09-05341 JF<br><br>AMENDED [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FAIRNESS HEARING |

Upon review and consideration of the Stipulation of Settlement, and the attachments thereto, which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Stipulation of Settlement, records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

2. This Order addresses the settlement reached in the above-captioned matter pending before this Court: *Kent, et al. v. Hewlett-Packard Company*, Case No. C 09-05341 JF (hereinafter "*Kent*" or the "Action").

3. The parties have agreed to settle the Action upon the terms and conditions set forth in the Stipulation of Settlement (as amended), which has been filed with the Court. The Stipulation of Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiffs in the Action, by and through their respective counsel, have investigated the facts and law relating to the matters alleged, including pretrial discovery, pretrial motion practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiffs, on the one hand, and counsel for HP, on the other hand, which

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

occurred over several months, and also involved a settlement conference before Magistrate Judge Howard R. Lloyd. The settlement confers substantial benefits upon the Settlement Class, particularly in light of the relief that Plaintiffs and Class Counsel believe is potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

4. The Court conditionally certifies, for settlement purposes only, a class (the "Settlement Class") of all individual or entity end-users who purchased, leased, received as a gift or otherwise acquired in the United States an Affected Model (as defined in the Stipulation of Settlement). Excluded from the Settlement Class are all persons who are employees, directors, officers, and/or agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

5. The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that, for purposes of settlement: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

6.    The Court appoints the law firms of Ram & Olson, LLP, Giskan, Solotaroff, Anderson & Stewart, LLP and Edelson & Associates, LLC as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Michael A. Kent, Boyd Daugherty, Daniel Johanning and Jakub Cmiral as the representatives of the Settlement Class.

7.    The Fairness Hearing shall be held before this Court on [ July 29 , 2011], at 9:00 a.m., to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at or after that time. Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Settlement Class Members (as defined in the Stipulation of Settlement) with respect to the claims being settled.

8.    Pending the Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this Order, are stayed.

9.    The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action ("Notice") attached as Exhibit "B" to the Stipulation of Settlement and the short form Notice of Class Action Settlement ("Publication Notice") attached as Exhibit "E" to the Stipulation of Settlement. As soon as possible after the entry of this Order, but not later than forty-five (45) days after the entry of this Order, HP will coordinate with the Settlement Administrator and HP or the Settlement Administrator, as appropriate, will provide notice to the Settlement Class as follows:

(a)    by e-mailing, on or before the Notice Date as specified in this Preliminary Approval Order, a Notice substantially in the form attached as Exhibit "B" to the Stipulation of Settlement, to the last known e-mail addresses of the Settlement Class to the extent such e-mail

3

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

address information exists in HP's registration database ("Registration Database"), is a valid e-mail address, and the Settlement Class Member has not withheld his/her consent to being contacted by HP via e-mail;

    (b)    by mailing, on or before the Notice Date as specified in this Preliminary Approval Order, a Notice substantially in the form attached as Exhibit "B" to the Stipulation of Settlement, to the last known mailing address of the Settlement Class to extent: (i) such mailing address information exists in HP's Registration Database and (ii) no e-mail address exists for a Settlement Class Member in HP's Registration Database or (iii) the Settlement Class Member has withheld his/her consent to being contacted by HP via e-mail. Under no circumstances is a Settlement Class Member to be sent a Notice by mail pursuant to this Paragraph unless there is no e-mail address for that particular Settlement Class Member in the Registration Database or that particular Settlement Class Member has withheld his/her consent to being contacted by HP via e-mail;

    (c)    by providing a link in the Notice to a settlement website to be designed and administered by the Settlement Administrator that will contain the settlement documents (including but not limited to the Notice and the Claim Form), a list of important dates, and any other information to which the parties may agree; and

    (d)    by causing the Publication Notice to be published once in People Magazine.

10.    The Court finds that the notice plan described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Notice and Publication Notice described in Paragraph 9 complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the manner of dissemination of the Notice and Publication Notice described in Paragraph 9 complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to

4

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

1 apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

11. Settlement Class Members will have until [Aug. 28, 2011], to submit their Claim Forms for the Reimbursement Remedy such that the Claim Forms must be received by the Settlement Administrator on or before that date, which is due, adequate, and sufficient time.

12. Each Settlement Class member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded. Putative members of the Settlement Class who wish to opt out of the settlement must send a letter in the form specified in the Stipulation of Settlement and Notice to the Settlement Administrator at the address set forth below, postmarked no later than [June 29, 2011], **or by fax or e-mail to the Settlement Administrator by that same date.** All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Stipulation of Settlement, should it be approved.

13. Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the proposed settlement contained in the Stipulation of Settlement, the certification of the Settlement Class, the entry of the Final Order and Judgment, the amount of fees requested by Class Counsel, and/or the amount of the incentive awards requested by the named Plaintiffs. Any objection must set forth the full name, current address, and telephone number of the objecting Settlement Class Member. Any Settlement Class Member who intends to object to the Stipulation of Settlement must, no later than [June 29, 2011] (1) file a copy of the objection with the Court at the address listed in this Paragraph, and (2) serve the objection by fax, e-mail or U.S. Mail to the Settlement Administrator with a copy, by U.S. Mail or email, to Class Counsel and Defense Counsel at the addresses listed in this Paragraph (objections served on the Settlement Administrator, Class Counsel and Defense Counsel by U.S. Mail must be postmarked by this date). No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections, briefs or materials submitted by any Settlement

5

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Fairness Hearing and copies of any written objections, briefs and/or materials upon which the Settlement Class Member intends to rely shall have been filed with the Court and served on the Settlement Administrator, Class Counsel and Defense Counsel by the time required and in the manner specified above.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.  Objections must be delivered to the following addresses in the manner specified above:

Settlement Administrator

HP Elite Desktop Settlement Administrator
P.O. Box 2876
Portland, OR 97208-2876
(877) 835-0580
E-mail:  info@HPEliteDesktopSettlement.com
Facsimile:  (877) 853-3046

Counsel for the Class

Michael F. Ram
RAM & OLSON, LLP
555 Montgomery Street, Suite 820
San Francisco, CA  94111
E-mail:  mram@ramolson.com

Counsel for HP

Kristofor T. Henning
Franco A. Corrado
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
E-mail:  khenning@morganlewis.com
         fcorrado@morganlewis.com

Clerk of Court

U.S. District Court
Northern District of California
280 South First Street

6

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

Room 2112
San Jose, CA 95113

14. Class Counsel shall file their fee application on or before [May 30, 2011].

15. Papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement shall be filed with the Court on or before [July 15, 2011]. Any supplemental papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement shall be filed with the Court on or before [July 15, 2011].

16. In summary, the dates of performance are as follows:

(a) The Notice and Publication Notice required to be sent by e-mail or mail to the Settlement Class or published per the Stipulation of Settlement shall be sent or published by [May 30, 2011];

(b) Settlement Class members who desire to be excluded shall mail requests for exclusion postmarked no later than [June 29, 2011], **or e-mail or fax a request for exclusion on or before the same date**;

(c) All objections to the Stipulation of Settlement and written notices of the objecting class member's intention to appear at the Fairness Hearing shall be filed and served by [June 29, 2011];

(d) Class Counsel shall file their fee application on or before [May 30, 2011].

(e) Papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement shall be filed with the Court on or before [July 15, 2011];

(f) Supplemental papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement shall be filed with the Court on or before [July 15, 2011]; and

(g) The Fairness Hearing shall be held on [July 29, 2011], at 9:00 a.m.

17. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class Members must check the

7

settlement website at www.HPEliteDesktopSettlement.com regularly for updates and further details regarding extensions of these dates of performance.

18. In the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made;

(c) Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against HP or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the *Kent* case as a class action;

(d) Nothing in this Order or pertaining to the Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the *Kent* case as a class action; and

(e) All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

19. Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence or continue any action against any of the Released Parties (as that term is

8

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No. CV 09-05341 JF

defined in the Stipulation of Settlement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Stipulation of Settlement).

20. Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.

21. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the Stipulation of Settlement, to the form or content of the Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

IT IS SO ORDERED, this 15 day of April, 2011

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING      Case No. CV 09-05341 JF