\*\*E-Filed 9/20/2011\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case Number 5:09-cv-05341-JF (HRL)<br><br>ORDER[1] GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ADDRESSING OBJECTIONS; AND GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>[re: docket nos. 96 & 101] |

On July 29, 2011, the Court conducted a hearing with respect to (1) the parties' motion for final approval of class action settlement; (2) objections of the Ziegenfelders, Bryan Collins, and others; and (3) a motion for an award of attorneys' fees. The Court has considered the documents filed in connection with these motions and objections as well as the oral arguments presented at the hearing. The Court finds and concludes as follows:

---

[1] This disposition is not designated for publication in the official reports.

## I. MOTION FOR FINAL APPROVAL

On November 12, 2009, Plaintiff Michael Kent ("Kent") initiated this class action lawsuit against Defendant Hewlett-Packard Company ("HP") on behalf of himself and others who purchased certain models of HP Pavilion Elite series computers. He alleged that the computers are defective and prone to frequent failures. The alleged defects include, among other things, the computers becoming unresponsive or locking up within thirty minutes of a cold boot. Kent twice amended the complaint, at which point HP moved to dismiss or strike the nationwide class action allegations. Prior to the resolution of that motion, the parties reached a settlement with the aid of Magistrate Judge Howard Lloyd.

### A. Repair

Under the terms of the settlement, HP will implement a ninety-day limited service enhancement program pursuant to which certain class members may receive a motherboard replacement. Qualified class members include those whose original one-year limited warranty has expired and who either before or during the service enhancement period have experienced a lockup or blue screen failure.

### B. Reimbursement

HP will reimburse class members who paid HP or an authorized HP service provider to repair a lockup or blue screen failure in an affected model prior to the availability of the limited service enhancement program. To receive the reimbursement remedy, an eligible class member must submit a properly completed claim form.

### C. Notice and Settlement Administration

HP has agreed to pay for the class notice and administration.

### D. Rule 23

The Court concludes that final certification of the settlement class is appropriate. The class meets the four prerequisites of Fed. R. Civ. P. 23(a): the class includes tens of thousands of people who have purchased HP Pavilion Elite computers (numerosity); all class members have computers that are prone to frequent failures (commonality); the proposed settlement class representatives – Kent, Daugherty, Johanning, and Cmiral – are typical of the class they seek to

represent in that they owned computers of the type at issue and they allege claims that are reasonably coextensive with those of absent class members (typicality); and the named plaintiffs fairly and adequately will protect the interests of the class for the purposes of the settlement. The named representatives do not appear to have any conflicts of interest with the proposed class, and they have retained qualified and experienced counsel to litigate the action (adequacy).

The class also meets the requirements of Fed. R. Civ. P. 23(b)(3), which provides that a class may be certified when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Here, the questions of law and fact predominate over individual differences with respect to the nature or the extent of damages. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members would be impracticable. *See* Fed. R. Civ. P. 23(b)(3).

**E.     Settlement Terms**

Approval of a settlement under Fed. R. Civ. P. 23(e) and applicable Ninth Circuit authority requires that the Court find the settlement to be "fundamentally fair, adequate, and reasonable." *See Mego Financial Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). "Assessing a settlement proposal requires a district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement." *Id.* The district court also must satisfy itself that the settlement is not the product of collusion among the negotiating parties. *Id.* (internal quotation marks and citation omitted). The issue is not whether the settlement could have been better, but whether it is fair, reasonable, adequate, and free from collusion. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The goal of settlement is to avoid the determination of contested issues; thus "the settlement or fairness hearing is not to be turned into a trial of rehearsal for trial on the merits." *Officers for Justice v.*

1    *Civil Service Com.*, 688 F.2d 615, 625. (9th Cir. 1982).  The initial decision to approve or reject
2    the settlement under Fed. R. Civ. P. 23(e) is committed to the sound discretion of the trial judge.
3    *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).
4           The Court concludes that the present settlement is fundamentally fair, adequate, and
5    reasonable.  Extensive discovery has been taken; interviews with industry personnel, putative
6    class members, and HP employees have been conducted; and HP has offered effective remedies
7    in settlement that benefit the class.  The settlement was reached after extensive arms-length
8    negotiations and a final settlement conference with an experienced magistrate judge.  Moreover,
9    as noted above, HP has moved to dismiss or strike the nationwide class action allegations.  The
10   risk to the class posed by this motion, as well as the risk, expense, complexity, and likely
11   duration of further litigation, weigh in favor of final approval.  Counsel for both sides are
12   experienced in class-action litigation, and they have concluded that the settlement is in the best
13   interests of the class as a whole.  Finally, only twenty-four of an estimated 45,000 class members
14   (.0543%) have requested exclusion from the class, and only eight class members (.017%) have
15   objected.  The positive response from the class weighs strongly in favor of approving the
16   settlement despite the dissatisfaction of some individuals.  *See Churchill Village, LLC v. General*
17   *Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming district court's approval of settlement
18   where forty-five of 90,000 class members objected to the settlement, and 500 class members
19   opted out).

## II. OBJECTIONS

**A.     The Ziegenfelders**

The Ziegenfelders are excluded from the settlement because Mr. Ziegenfelder is an HP employee.  Because they are not members of the class, the Ziegenfelders lack standing to object.  Mr. Ziegenfelder nevertheless has received a repair that resolved his complaint.

**B.     Collins**

Bryan Collins wrote to exclude himself from the class, and accordingly he also lacks standing to object to the settlement.  Mr. Collins suggests that HP offer a five-year warranty, refund the purchase price of the computers, or replace the computers.  As discussed above, the

4

question before the Court is not whether the settlement could have been better, but whether it is fair, reasonable, adequate, and free from collusion. *See Hanlon*, 150 F.3d at 1027.

**C.    Kneiss**

John Kneiss requests that HP replace the covered computers with a current model if the replacement motherboard does not work for longer than three to five months. Class counsel submits evidence that the replacement remedy will eliminate the failures that are the subject of this lawsuit. Mr. Kneiss complains that he purchased extended warranties to cover replacement of his motherboard, and that the settlement does not provide reimbursement of these costs. However, as noted above, the Court's job is not to determine whether class counsel could have obtained a better remedy. Class counsel proposes that the claims administrator evaluate the validity of Mr. Kneiss's claim, and the Court so directs.

**D.    Henry**

Pam Henry seeks to be included in the settlement, but she requests a cash reimbursement in lieu of repair to her computer. Again, the issue is not whether the settlement could have been better, but whether it is fair, reasonable, adequate, and free from collusion. *See Hanlon*, 150 F.3d at 1027.

**E.    Ritter**

Paul Ritter objects to the settlement because he does not believe that the replacement remedy will eliminate the blue screen and lockup failures he has been experiencing. Class counsel has submitted evidence that the replacement remedy in fact will eliminate these defects. Ritter also believes that class members should be compensated with replacements or credits. To the extent he is dissatisfied with the settlement, Mr. Ritter had the opportunity to opt out of the class.

**F.    Harrington**

Greg Harrington objects because he does not think that the motherboard is solely responsible for the blue screen and lockup failures. Class counsel has submitted evidence that the repair remedy will eliminate the blue screen and lockup failures entirely.

5

Case No. 5:09-cv-05341-JF (HRL)
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ETC.

**G.      Shriner**

Kenneth Shriner objects to the settlement because he wants additional compensation for the many hours he spent dealing with computer problems. If Mr. Shriner was unsatisfied with the settlement, he had the opportunity to opt out of the class.

**H.      Wheeler**

Curtis Wheeler objects to the settlement because he would like class members to have a choice as to remedy. No settlement is perfect; this settlement provides relief to class members who are experiencing blue screen and lockup failures.

## III. MOTION FOR ATTORNEYS' FEES AND COSTS

In a certified class action, the Court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). A reasonable attorneys' fee award is determined in two steps. First, the Court determines a lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). Second, the Court determines whether the lodestar amount must be adjusted to accurately reflect a reasonable fee. There is a strong presumption that the lodestar figure is a reasonable fee. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

The total lodestar for all class counsel is approximately $700,000. Counsel incurred approximately $5,800 in costs. HP has agreed, subject to the Court's approval, to pay attorneys' fees and costs in an amount not to exceed $540,000. The Court recognizes that class counsel assumed substantial risks and burdens in this litigation. Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class in light of the evidence and applicable law. The Court will award attorneys' fees and costs in the amount of $540,000.

Courts often award service payments to class representatives in compensation for assuming significant burdens during the litigation: retaining counsel, producing documents, responding to written discovery, and conferring with counsel. *See, e.g., In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 463 (9th Cir. 2000) (approving incentive awards of

$5,000 to each of two class representatives in a settlement of $1.725 million). HP has agreed, subject to the Court's approval, to pay a stipend not to exceed $2,000 to each named Plaintiff. The Court concludes that the proposed service payments are appropriate.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

(1) the motion for final approval of the class settlement is GRANTED;

(2) the objections to the settlement are OVERRULED;

(3) the motion for attorneys' fees and costs is GRANTED; and

(4) the request for payment of a stipend in the amount of $2,000 to each named plaintiff is GRANTED.

DATED:  9/20/2011

_____
JEREMY FOGEL
United States District Judge