Michael F. Ram (SBN 104805)
**RAM, OLSON, CEREGHINO & KOPCZYNSKI, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4343
Facsimile: (415) 433-7311
Email: mram@rocklawcal.com

Oren S. Giskan *(admitted pro hac vice)*
**GISKAN, SOLOTAROFF, ANDERSON & STEWART, LLP**
11 Broadway, Suite 2150
New York, NY 10004
Telephone: (213) 217-5000
Facsimile: (213) 217-5010
Email: ogiskan@gslawny.com

Marc H. Edelson *(admitted pro hac vice)*
**EDELSON & ASSOCIATES, LLC**
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
Email: medelson@edelson-law.com

*Counsel for Plaintiffs and the Settlement Class
and On Behalf of the Proposed Settlement Class*

**E-Filed 9/20/2011**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE DIVISION)

| | |
|---|---|
| **MICHAEL A. KENT, BOYD DAUGHERTY, DANIEL JOHANNING, AND JAKUB CMIRAL, individually and on behalf of all those similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**HEWLETT-PACKARD COMPANY, a Delaware corporation**<br><br>Defendant. | CASE NO. C 09-05341 JF<br><br><u>CLASS ACTION</u><br><br>~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT<br><br>Date:       July 29, 2011<br>Time:       9:00 a.m.<br>Courtroom:  3, 5th Floor<br>Judge:      Hon. Jeremy Fogel<br><br><u>DEMAND FOR JURY TRIAL</u> |

/ / /

1       WHEREAS, by order dated April 15, 2011, and an order approving amended publication notice dated April 26, 2011, this Court granted preliminary approval to the proposed class action settlement between the parties in the above-captioned case: *Kent, et al. v. Hewlett-Packard Company*, Case No. C 09-05341 JF (the "Action").

    WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on July 29, 2011. On that date, the Court held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the named Plaintiffs' complaint on the merits and with prejudice in favor of Defendant Hewlett-Packard Company ("HP") and against all persons or entities who are Settlement Class Members; (3) whether and in what amount to award attorney's fees and expenses to counsel for the Settlement Class; (4) whether and in what amount to award incentive payments to the named Plaintiffs Michael A. Kent, Boyd Daugherty, Daniel Johanning and Jakub Cmiral.

    WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

    WHEREAS, the settlement was the result of extensive and intensive arms-length negotiations occurring over several months, including a settlement conference before Magistrate Judge Howard R. Lloyd. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of written discovery, document productions, and independent investigations by counsel for the parties, and the factual record compiled (including confirmatory discovery conducted after the Court's Preliminary Approval Order), suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

    WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against HP, as well as the release of HP and the Released Parties, the

significant relief provided to the Settlement Class Members—in the form of HP's agreement to provide a free Motherboard Replacement to eligible Settlement Class Members pursuant to the terms of the Stipulation of Settlement, as well as its agreement to reimburse Settlement Class Members who paid HP or an authorized HP service provider to repair a Lockup Failure or Blue Screen Failure, as further described in the Stipulation of Settlement, and the award of attorney's fees and expenses requested, are fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Stipulation of Settlement, including any attachments and amendments thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Stipulation of Settlement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaints in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that, for purposes of settlement: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court

also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors:  (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.  The Court takes guidance in its consideration of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a nationwide class action on behalf of: all individual or entity end-users who purchased, leased, received as a gift or otherwise acquired in the United States an Affected Model (the "Settlement Class").  As defined in the Stipulation of Settlement, "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Stipulation of Settlement and the Notice.  Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

5. The Court appoints the law firms of Ram & Olson, LLP, Giskan, Solotaroff, Anderson & Stewart, LLP and Edelson & Associates, LLC as counsel for the Class ("Class Counsel").  The Court designates named Plaintiffs Michael A. Kent, Boyd Daugherty, Daniel Johanning and Jakub Cmiral as the Class Representatives.  The Court finds that these Class Representatives and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the Notice provided in accordance with the terms of the Stipulation of Settlement, this Court's Preliminary Approval Order, this Court's order approving

amended publication notice, and as explained in the declarations filed before the Fairness Hearing:

    (a)    constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

    (b)    were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

    (c)    constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

    (d)    fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.    The Court finds that HP provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90)-day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no such objections or comments were received.

8.    The terms and provisions of the Stipulation of Settlement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the

Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Stipulation of Settlement is fair, adequate and reasonable based on the following factors, among other things:

(a) There is no fraud or collusion underlying this settlement, and it was reached after good-faith, arms-length negotiations, warranting a presumption in favor of approval. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

(b) The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success and the proposed settlement. In addition, the parties negotiated the benefits to the class *before* discussing Plaintiffs' claim to attorneys' fees. *See In re Apple Deriv. Litig.*, No. 06-4128, 2008 U.S. Dist. LEXIS 108195, at *11–12 (N.D. Cal. Nov. 5. 2008).

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

(d) The settlement provides meaningful relief to the Settlement Class, including the Repair Remedy and the Reimbursement Remedy described herein, and certainly falls within the range of possible recoveries by the Settlement Class.

The parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions. The Court hereby declares that the Stipulation of Settlement, including any and all amendments and exhibits, is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9. As described in the Stipulation of Settlement, HP has agreed to provide the following consideration:

(a) **The Repair Remedy.** Subject to the conditions set forth in the Stipulation of

Settlement, no later than forty-five (45) days after the Effective Date, HP will implement a 90-day limited service enhancement program pursuant to which Settlement Class Members whose original one-year HP Limited Warranty has expired and who have experienced (or who, during the Service Enhancement Period, experience) a Lockup Failure or Blue Screen Failure can receive, at no cost to them, a free Motherboard Replacement (the "Repair Remedy").

(b) **The Reimbursement Remedy.** Subject to the conditions set forth in the Stipulation of Settlement, HP will reimburse Settlement Class Members who paid HP or an authorized HP service provider to repair a Lockup Failure or Blue Screen Failure prior to the availability of the limited service enhancement program described above for the amount of any such payment (the "Reimbursement Remedy").

10. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $540,000.00 and stipends of $2,000 to each Class Representative. HP shall pay such attorney's fees and expenses and class representative stipends within the time required, and by the manner described, in the Stipulation of Settlement. Such payment by HP will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action. In the event that any dispute arises relating to the allocation of fees amongst Class Counsel and any other attorneys for Plaintiffs, Class Counsel will hold HP harmless from any and all such liabilities, costs, and expenses of such dispute.

11. This Action is hereby dismissed with prejudice and without costs as against HP and the Released Parties.

12. Upon the Effective Date, the Releasing Parties (as that term is defined in the Stipulation of Settlement) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described herein) as of the Effective Date by all

Plaintiffs and Settlement Class Members (and Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that were brought or that could have been brought against the Released Parties, or any of them, (including but not limited to alleged violations of state consumer protection, unfair competition, and/or false or deceptive advertising statutes and claims for breach of warranty (express or implied) and fraud) that relate in any way to Lockups, Blue Screen Failures, any other malfunction caused or allegedly caused by a defective motherboard in an Affected Model or related symptoms in an Affected Model or to the facts, conduct, omissions, transactions, occurrences, or matters that were alleged or could have been alleged in any of the complaints filed in the Action.

13. The Released Claims include known and unknown claims relating to the Action, and this Stipulation of Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members have knowingly and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members, by Class Counsel, acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such

intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section.

14. Members of the Settlement Class who have opted out of or excluded themselves from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

15. The Court orders that, upon the Effective Date, the Stipulation of Settlement, including any and all amendments and exhibits, shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims.

16. Neither the Stipulation of Settlement, nor any of its terms and provisions, nor any of its amendments or exhibits, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a) offered by any person or received against HP as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by HP of the truth of the

1  facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that
2  has been or could have been asserted in the Action or in any litigation, or other judicial or
3  administrative proceeding, or the deficiency of any defense that has been or could have been
4  asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of
5  HP;
6      (b) offered by any person or received against HP as evidence of a presumption,
7  concession or admission of any fault, misrepresentation or omission with respect to any statement
8  or written document approved or made by HP or any other wrongdoing by HP;
9      (c) offered by any person or received against HP or as evidence of a presumption,
10 concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing,
11 or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred
12 to for any other reason against any of the settling parties, in any civil, criminal, or administrative
13 action or proceeding; provided, however, that nothing contained in this paragraph shall prevent
14 the Stipulation of Settlement (or any agreement or order relating thereto) from being used,
15 offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate
16 the settlement (or any agreement or order relating thereto) or the Final Order and Judgment, or in
17 which the reasonableness, fairness, or good faith of the parties in participating in the settlement
18 (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of
19 the settlement, the Final Order and Judgment, or the release as to HP, Plaintiffs, or the Settlement
20 Class Members; or
21     (d) offered by any person or received against any Plaintiff or class representative as
22 evidence or construed as or deemed to be evidence that any of their claims in the Action lack
23 merit.
24     Notwithstanding the foregoing, HP may file the Stipulation of Settlement, this Final Order
25 and Judgment, and/or any of the amendments, exhibits, documents or statements referred to
26 therein in support of any defense or claim that is binding on and shall have *res judicata*, collateral
27 estoppel, and/or preclusive effect in all pending and future lawsuits or other proceedings
28 maintained by or on behalf of Plaintiffs and/or any other Settlement Class Members, and each of

1 them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the
2 Releasing Parties.

3     17. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Stipulation of Settlement and of this Final Order and Judgment, including, without limitation, for the purpose of:

    (a) enforcing the terms and conditions of the Stipulation of Settlement, including any and all amendments and exhibits, and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation of Settlement, and/or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against HP);

    (b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Stipulation of Settlement (including, without limitation, orders enjoining persons or entities from pursuing any claims against HP), or to ensure the fair and orderly administration of the Settlement; and

    (c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Stipulation of Settlement, the settling parties, and the Settlement Class Members.

    18. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

/ / /

/ / /

/ / /

/ / /

19. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED.

Dated: 9/20/2011

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE